IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MILLS (R-64479), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 3019 |
| | ) | |
| SHAUN PARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**[1]

Prisoner plaintiff James Mills has utilized the Clerk's-Office-supplied printed form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to assert several violations of his federal constitutional rights by nine defendants (four of whom are named, while the others are referred to as "Jane Doe" or "John Doe" parties). Mills has accompanied his self-prepared Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte to address all of Mills' submissions.

To begin with, the very act of Mills' seeking to enter the federal courthouse door brings the provisions of 28 U.S.C. § 1915 ("Section 1915") into play. In that respect the Application has been accompanied by a printout reflecting all transactions in Mills' trust fund account for the

---

[1] Nothing said in this memorandum order should be mistaken as an adverse comment on the substantive allegations that pro se prisoner plaintiff James Mills ("Mills") has advanced. On the contrary, when this Court credits (as it must at this threshold stage) those allegations, it is plain that Mills has surmounted the "plausibility" hurdle prescribed by what this Court has come to refer to as the "Twombly-Iqbal canon."

six-month period that ended March 3, 2016.[2]  This Court has made the calculation called for by Section 1915(b)(1), and it has determined that the average monthly deposits to Mills' account during that six-month period (see Section 1915(a)(2) and 1915(b)(1)(A)) amounted to $16.67, 20% of which (id.) is $3.33.  Accordingly Mills is assessed that initial partial filing fee of $3.33, and the Stateville trust fund officer is ordered to collect that amount from Mills' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>  Office of the Clerk
>  United States District Court
>  219 South Dearborn Street
>  Chicago IL 60604
>
>  Attention:  Fiscal Department.

After such payment the trust fund officer at Stateville (or at any other correctional facility where Mills may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Mills' name and the 16 C 3019

---

[2] March 3 is a highly likely candidate for the date of "filing" of this action under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988).  Although Mills dated his signature to the Complaint February 15 and although his request to the trust fund officer was dated February 18, the very fact that the trust fund statement identified its end date as March 3 confirms that Mills' papers were not transmitted to this District Court (whether by Mills or by the prison authorities) until at least that date, and Mills' submissions were received in this District Court's Clerk's Office on March 9.  Under those circumstances this Court sees no need to request any supplement to the printout for a few days following March 3.

case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

To turn to an evaluation of Mills' filings, it might have been expected that by now he would have acquired a better sense of how to handle litigation in the federal justice system. During 2015 he sought to advance two other lawsuits, also under the auspices of 42 U.S.C. § 1983. Both of those actions (15 C 5037 and 15 C 8299) were also assigned to this Court's calendar -- the earlier came via random assignment, and the later one came pursuant to the direct assignment provision of this District Court's LR 40.3(b)(1)(B) -- and both cases were dismissed for want of prosecution: Mills' total failure to respond to this Court's prodding for him to cure deficiencies in his handling of those lawsuits. And "prodding" is no exaggeration -- this Court issued no fewer than five memorandum opinions in those two cases (respectively dated June 11, July 9 and July 22 as to Case No. 15 C 5037 and October 7 and October 29 as to Case No. 15 C 8299) in an effort to assist, not impede, Mills' pursuit of his claims.

But as for Mills' Complaint itself, it demonstrates graphically the wisdom of this District Court's adoption of its trial bar system under which each member of that group who has been admitted to practice here is committed to accept, in any year, no more than one designation to act as counsel for a pro se litigant or litigants. In this instance Dkt. No. 1 comprises not only the 15-page Complaint itself but also another 46 pages devoted to three exhibits to the Motion together with a large amount of evidentiary material -- the latter being totally at odds with the federal system of notice pleading rather than fact pleading.

Accordingly this memorandum order turns to consideration of Mills' Motion, to which its Exhibits A, B and C provide an appropriate showing of his own efforts to have obtained representation by counsel (a showing that our Court of Appeals requires as a precondition to

consideration of such a motion). This Court therefore grants the Motion and has obtained the name of the following member of the trial bar, who is designated to represent Mills in this litigation:

>James Alan Slowikowski, Esq.
>Dickler, Kahn, Slowikowski
>  & Zavell Ltd.
>85 West Algonquin Road
>Suite 420
>Arlington Heights, Illinois 60005
>708- 593-5595
>Email: jim@dicklerlaw.com.

Because what has been said here will allow Mills' action to go forward, this Court is contemporaneously issuing its customary initial scheduling order. In the interim attorney Slowikowski will be expected (1) to communicate with Mills (in part to consider whether to proceed with Mills' original Complaint or to replace it with an amended pleading) and (2) to make arrangements for the service of process on the four specifically named defendants. In that regard, the United States Marshals Service is statutorily required to perform that task (see Section 1915(d)). But because of the many other responsibilities that are imposed on that agency, attorney Slowikowski may choose to make arrangements for that task to be handled by someone else, and court funds would be available to reimburse counsel for the expense incurred in that respect.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 17, 2016